IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br>     Plaintiff, <br><br> vs. <br><br> GBMC HEALTHCARE, INC. et al., <br><br>     Defendants. | ) <br> ) <br> ) <br> )    CASE NO. 1:24-cv-02803-JKB <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**JOINT STATUS REPORT**

Pursuant to the Scheduling Order this Court issued on May 22, 2025 (ECF 34), and the Court's October 9, 2025, Order where the discovery deadline in this matter was extended to November 20, 2025 (ECF 49), the parties submit this Joint Status Report and report as follows.

**a.**      **Whether discovery has been completed.**

The discovery period has closed. Aside from the potential need for supplementation of discovery responses or production under Federal Rule of Civil Procedure 26(e) and the EEOC's pending motion addressed below, the parties do not need additional time to take fact discovery.

**b.**      **Whether any motions are pending.**

The EEOC has a pending motion to compel Defendants' responses to Interrogatory No. 6 and Request for Production Nos. 1, 16, and 25 (ECF 50). A hearing has been set on that motion for December 3, 2025.

GBMC has a pending motion under Fed. R. Civ. P. 11 seeking sanctions against the EEOC. GBMC asserts that the EEOC lacked substantial justification to support the causes of action and allegations contained in the Complaint at the time it filed this lawsuit, and acted in bad faith by maintaining this lawsuit where discovery has shown that the EEOC's claims remained unsupported

by evidence.

**c.   Whether any party intends to file a dispositive pretrial motion.**

Both parties intend to move for summary judgment and will follow the briefing schedule for pretrial dispositive motions as set forth in the Court's Scheduling Order (ECF 34).

**d.   Whether the case is to be tried by jury or non-jury and the anticipated length of trial.**

The EEOC's Complaint contains a jury demand. Defendants estimate that trial will require three days to complete. The EEOC estimates that trial will require seven days to complete.

**e.   A certification that the parties have met to conduct serious settlement negotiations; and the date, time and place of the meeting and the names of all persons participating therein.**

Defendants state that on Friday, October 17, 2025, following the deposition of GBMC fact witnesses Julissa Melendez and Brandon Lee, Jordan Dunham, counsel for Defendants, proposed to counsel for the EEOC, Emily Datnoff, that the parties discuss a stay in this matter in order to engage in settlement discussions. Ms. Datnoff responded by stating that she would discuss the proposal of a stay and negotiations internally, but did not respond with the EEOC's position.

The EEOC states that Defendants did not make an offer or follow up with a written proposal regarding settlement negotiations or a proposed stay.  Because Defendants did not make an offer and because the parties are currently scheduled to attend a settlement conference on February 18, 2026 (ECF 35), the EEOC continued to take its scheduled depositions and proceed with discovery. Aside from Defendants' proposal on October 17, 2025 that the parties stay discovery to discuss settlement, Defendants did not revisit their proposal with the EEOC nor take further action to inquire about the Commission's position on their proposal.

**f.   Whether each party believes it would be helpful to refer this case to another judge of this court for a settlement or other ADR conference, either before or after the resolution of any dispositive pretrial motion.**

Defendants do not believe an ADR conference before a resolution of dispositive motions

will be helpful and requests that the currently scheduled settlement/ADR conference be postponed until after a resolution of dispositive motions.

The EEOC defers to the Court regarding Defendants' request to reschedule the settlement conference set for February 18, 2026 (ECF 35).

**g.    Whether all parties consent, pursuant to 28 U.S.C. § 636(c), to have a U.S. Magistrate Judge conduct all further proceedings in this case, either before or after the resolution of any dispositive pretrial motion, including trial (jury or non-jury) and entry of final judgment.**

The parties do not consent to proceedings before a U.S. Magistrate Judge.

**h.    Any other matter which you believe should be brought to the court's attention.**

The EEOC plans to move the Court for more time to respond to Defendants' Rule 11 motion filed today, November 20, 2025 (ECF 52).

Dated: November 20, 2025                    Respectfully submitted:

*/s/ Emily Datnoff*
Emily Datnoff, (Fed. Bar No. 29464)
Trial Attorney
U.S. Equal Employment Opportunity Commission
Baltimore Field Office
31 Hopkins Plaza, Suite 1432
Baltimore, Maryland
emily.datnoff@eeoc.gov
Tel: 410-801-6708
Fax: 443-992-7880

*Counsel for EEOC*

*/s/ Parker E. Thoeni*
Parker E. Thoeni (Bar No. 30250)
Jordan F. Dunham (Bar No. 20876)
Ogletree, Deakins, Nash, Smoak
& Stewart, P.C.
1 South St., Suite 1800
Baltimore, MD 21202

                                    Telephone: (410) 752-1040
                                    Facsimile: (410) 752-8861
                                    Parker.Thoeni@Ogletree.com
                                    Jordan.Dunham@Ogletree.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on this 20th day of November 2025, a copy of the foregoing was filed and thereby served on all parties via this Court's Electronic Case Filing System.

                                    */s/ Jordan F. Dunham*
                                    Jordan F. Dunham

90096938.v3-OGLETREE